{¶ 45} In reversing the trial court's judgment, the majority concludes that the trial court abused its discretion when it honored the parties' stipulation and failed to make any findings with respect to the effect of the parties' future Social Security benefits on the value of James DeChristefero's pension. For the reasons that follow, I respectfully dissent.
 {¶ 46} When granting a divorce, the trial court is required to divide and distribute the marital assets between the parties in an equitable manner. R.C. 3105.171(B). Retirement benefits vested during the marriage are martial assets subject to distribution. R.C.3105.171(A)(3)(a)(ii). However, given the trial court's flexibility to make an equitable decision, "any given pension or retirement fund is notnecessarily subject to direct division but is subject to evaluation andconsideration in making an equitable distribution of both parties'marital assets." (Emphasis added.) Hoyt v. Hoyt (1990), 53 Ohio St.3d 177,180. "The trial court should attempt to preserve the pension or retirement asset in order that each party can procure the most benefit, and should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage." Id. at paragraph two of the syllabus.
 {¶ 47} Furthermore, "[a] stipulation is an agreement between the parties to a proceeding relating to some business before the court."Chitwood v. Univ. Med. Ctr. (May 5, 1998), 10th Dist. No. 97API09-1235, 1998 WL 226938, at 1. When parties agree to enter into a stipulation, they are, in essence, eliminating the need for proof of the matter that was stipulated. Id.
 {¶ 48} On July 12, 1999, the trial court entered the following agreed judgment entry:
 {¶ 49} "This matter came before the Court upon the agreement of the parties that the Court finds to be fair and equitable and the following partial property settlement order is entered into between the parties:
 {¶ 50} "Plaintiff, James DeChristefero's State Teachers Retirement Pension, 96% being marital, present value is $58,269.77.
 {¶ 51} "The parties have a joint account at Janus, * * *. The current balance of said account is $30,267.02.
 {¶ 52} "Plaintiff, James DeChristefero shall retain his State Teachers Retirement Pension benefits, free and clear of any claim of Defendant, Nancy DeChristefero.
 {¶ 53} "Defendant, Nancy DeChristefero shall retain the account at Janus * * * free and clear of any claim of Plaintiff, James DeChristefero.
 {¶ 54} "The final offset to equate the two values in the assets shall occur on or before the final hearing.
 {¶ 55} "* * *"
 {¶ 56} As can be seen, the parties in this case stipulated to the present value of James DeChristefero's pension, and to his retaining of the same, free and clear of any claim of his wife. In return, the parties agreed that Nancy DeChristefero would receive a joint Janus account as part of the property distribution, with the difference to be off set at a later date.
 {¶ 57} At trial, James DeChristefero's new attorney asked the trial court to reduce the stipulated value of the marital portion of the pension by the present value of his wife's Social Security benefits. The trial court heard his argument on this issue, but nevertheless entered judgment in accordance with the parties' pretrial stipulation.
 {¶ 58} On appeal, the majority now concludes that there was no evidence as to how the parties' determined the present value of James DeChristefero's pension. Therefore, because the parties agreed to offset the difference between the pension and the Janus account at a later date, the majority asserts that the parties never agreed "to the exact amounts to be awarded."
 {¶ 59} The cases upon which the majority relies require an offset only when it is the court who must determine the present value of the employee spouse's pension. Here, the parties had agreed, through a binding stipulation, as to the exact value of appellant's present interest. Presumably, it was a negotiated result, with each party having his or her own reasons for agreeing to the amount included in the stipulation. For all we know, the parties have already made the necessary calculations and the value provided in the stipulation reflects any reduction.
 {¶ 60} In any event, the majority's logic defeats the clear intent of a mutual stipulation of fact. Appellant cannot withdraw from the binding force of the mutual stipulation without Nancy DeChristefero's consent. Seely v. Cole (1834), Wright 681. Parties cannot, unilaterally, simply change their minds once they have agreed to stipulate to an issue that would otherwise require some proof at trial.
 {¶ 61} Thus, I disagree with the majority's apparent holding that the trial court was required to modify the stipulated pension value by considering the present value of Nancy DeChristefero's Social Security benefits. A close reading of Hoyt shows that the Supreme Court of Ohio has given trial courts a substantial amount of discretion when distributing retirement and pension benefits. As I noted earlier, the Supreme Court has stated that "any given pension or retirement fund is not necessarily subject to direct division but is subject to evaluation and consideration in making an equitable distribution of both parties' marital assets." Hoyt at 180. In other words, when retirement and pension benefits are part of the property settlement in a divorce, the trial court, after considering the facts and circumstances of the case, has the discretion to distribute the benefits as it sees fit.
 {¶ 62} This is particularly true where, as here, the parties have mutually stipulated to the value of the pension and have agreed on how it is to be distributed. The fact that the parties have other unresolved property issues does not nullify the parties' original agreement.
 {¶ 63} By concluding that the trial court abused its discretion in this case, the majority has essentially given James DeChristefero the opportunity to change his mind and unilaterally rewrite the parties' stipulation. The parties entered into an agreement as to the pension's value. We have no knowledge as to what factors or reasons were considered or negotiated in making this stipulation. As a result, this factual stipulation eliminated the need for the parties to introduce further evidence on this issue, and this court should not now second-guess the parties' decision.
 {¶ 64} Accordingly, I would affirm the trial court's judgment in all respects.